IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAY R. HARDING, SR., #239980 | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-13-287 |
| DAVID BLUMBERG, Parole Commission Chairman, et al. | * | |
| | * | |
| Respondents | | |
| | ********* | |

**MEMORANDUM**

Pending is a hybrid petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and civil rights complaint filed by Jay Harding, Sr., in which he claims that he was denied a parole hearing in violation of his right to due process. ECF 1. Because Harding seeks release, damages for medical and emotional suffering, and damages for violations of his right to due process, the petition encompasses elements of a hybrid habeas corpus and prisoner civil rights action. *See Wilkerson v. Dotson*, 544 U.S. 74, 81 (2005) (recognizing habeas corpus remedies do not displace actions under 42 U.S.C. § 1983 where prevailing in the civil rights suit would not necessarily invalidate the legality of the state confinement); *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

Respondents, David Blumberg, Yolanda Bethea, Laurie Meredith, Kerri Margroff, and the Department of Public Safety and Correctional Services ("DPSCS"), by their counsel, filed an answer requesting dismissal of the petition for failure to exhaust remedies or, alternatively, requesting denial of the petition because Harding does not have a constitutionally protected liberty interest in parole consideration. ECF 11, 12. The court deems a hearing unnecessary.

*See* Local Rule 105.6 (Md. 2011). For reasons to follow, the petition will be denied and dismissed.

## BACKGROUND

On March 6, 2012, the Honorable James L. Sherbin of the Circuit Court for Garrett County found Harding in violation of the terms of a previously imposed probation, and sentenced him to eighteen months of incarceration, beginning on February 14, 2012, for contributing to the condition of a child, a violation of Md. Code, Courts and Judicial Proceedings Article, § 3-8A-30. ECF 11-1. Harding became eligible for parole in July 2012, after serving one-fourth, or four and a half months, of his eighteen-month term. Md. Code, Correctional Services Article ("CS"), § 7-301(a).

Harding filed this petition on January 28, 2013, during the time he was an inmate at the Garrett County Detention Center. Harding claimed that he was "due a parole hearing by June 2012," but a hearing was not held despite his many inquiries and assurances a hearing would be scheduled. ECF 1 at 4.[1] Harding avers that he "received a letter" on January 23, 2013, from Ms. Bethea and Ms. Meredith, "stating that inmates are not entitled to a parole hearing" but he would be scheduled for one on the "next date." *Id*. However, he alleges that on January 24, 2013, the Parole Commission held a hearing at the jail, but his "name was not on their list." *Id*. Harding also states: "I am told I will not receive any advance notice so I can review the facts of my case nor will I receive the date, time, or place of a hearing as the law provides." *Id*. But, he does not aver that he was denied adequate notice of his hearing, which was held on February 13, 2013.

---

[1] References are to respondents' exhibits at ECF 11, unless otherwise noted. Respondents filed a second copy of Harding's release order at ECF 12, as the earlier filed exhibit, at ECF 11, Ex. 3, was missing two pages. Harding has not provided any exhibits or documentation in support of the petition.

2

In addition, Harding states that he has Hepatitis C and claims that dealing with the uncertainty of his release placed an "overbearing" emotional toll on him, amounting to cruel and unusual punishment. ECF 1 at 4. He also claims that he has gone without medication, but does not identify the medication or allege to have suffered any injury. *Id*.

A Parole Commission hearing officer considered Harding for parole on February 8, 2013, and recommended approving him for parole. ECF 11-2. A parole commissioner adopted the recommendation on February 11, 2013. *Id*. On February 26, 2013, the Parole Commission issued an order to release Harding on parole, and he was released the same day. ECF 12-1, 12-4.

By Order dated February 28, 2013 (ECF 3), this court directed counsel for DPSCS to respond to the petition. Two days earlier, on February 26, 2013, Harding had been released from the Garrett County Detention Center. See ECF 12-1.

On January 23, 2013, prior to Harding's release on parole, Harding filed a petition for a writ of mandamus in the Circuit Court for Garrett County against Sheriff Robert Corley and David Blumberg, Chairman of the Maryland Parole Commission, to compel consideration for parole. ECF 11-5; 11-6. On February 19, 2013, the circuit court dismissed the petition. ECF 11-7. On February 28, 2013, unaware that the petition had already been dismissed, Blumberg moved to dismiss the petition as moot because Harding had been granted parole. ECF 11-8. In an order docketed on March 12, 2013, the circuit court granted Chairman Blumberg's motion to dismiss. ECF 11-5, ECF 11-9. Harding did not appeal the dismissal of his mandamus petition to the Maryland Court of Special Appeals. ECF 11-5.

Following Harding's release, Harding failed to notify this court of his new address. On April 8, 2013, respondents moved to dismiss the petition, or in the alternative, to extend the time

3

for filing a response. ECF 5. By Order dated April 19, 2013, this court granted respondents' motion to dismiss, without prejudice, based on Harding's failure to comply with Local Rule 102.1.iii.[2]

Harding subsequently provided his current address to the court, in correspondence filed on May 1, 2013, explaining that he had provided his address to the DPSCS. ECF 9. By Order dated May 8, 2013 (ECF 10), the court treated the correspondence as a motion for reconsideration, granted the motion, and directed respondents to respond.

**DISCUSSION**

**I. Exhaustion of Remedies**

Pursuant to the exhaustion requirement codified in 28 U.S.C. § 2254(b) and (c), and absent a valid excuse, a state prisoner seeking federal habeas corpus relief must initially present each of his claims to the state court with jurisdiction to consider them. *Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). In order for a state prisoner to satisfy the exhaustion requirement, he or she must "fairly present" the "claim in each appropriate state court…." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see Gray,* 518 U.S. at 162-63; *Duncan v. Henry*, 513 U.S. 364, 364-66 (1995) (*per curiam*); *Satcher v. Pruett*, 126 F.3d 561, 573 (4th Cir.), *cert. denied*, 522 U.S. 1010 (1997).

If a federal habeas petition presents both exhausted and unexhausted claims and state

---

[2] Local Rule 102.1.b.iii provides:

Pro se litigants must file with the Clerk in every case which they have pending a statement of their current address where case-related papers may be served. These obligations are continuing, and if any pro se litigant fails to comply with them, the Court may enter an order dismissing any affirmative claims for relief filed by that party and may enter a default judgment on any claims asserted against that party.

court review is available, the petition must be dismissed in its entirety unless the state, through counsel, expressly waives the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). And, "[w]here questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir.), *cert. denied*, 513 U.S. 1047 (1994).

Respondents assert that because Harding did not seek appellate review of the Maryland circuit court's dismissal of his petition for mandamus, he has failed to exhaust administrative remedies, as required under 28 U.S.C. § 2254(b). *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment).

Because Harding did not appeal the denial of his petition for writ of mandamus, his claim that the Parole Commission failed to provide a timely hearing on his petition is subject to dismissal for failure to exhaust administrative remedies. To be sure, if Harding were to attempt to file an appeal of the circuit court's decision to the Maryland Court of Special Appeals at this date, his appeal would be dismissed as untimely under Maryland Rule 8-202(a) (appeal must be filed within thirty days after entry of judgment), and the instant petition would be subject to dismissal as procedurally defaulted. *Mackall v. Angelone*, 131 F.3d 442, 449-50 (4th Cir. 1997) (*en banc*) (deeming procedurally defaulted a claim that was not presented to state appellate court, where presentation of claim in state court would now be fruitless); *Buchanan v. Angelone*, 103 F.3d 344, 351 (4th Cir. 1996) ("Failure to raise a federal claim in state court bars federal review

5

of the omitted claim."), *aff'd.*, 522 U.S. 269 (1998). Consequently, this petition is subject to dismissal for failure to exhaust administrative remedies.

In any event, and alternatively, by virtue of Harding's hearing and release from custody, Harding's request for injunctive relief is moot. *See Spencer v. Kenna*, 523 U.S. 1, 7 (1998).

## II. Due Process

Alternatively, respondents urge dismissal of the petition because Harding had no liberty interest in parole until after he was served with and signed his Order for Release on Parole. Thus, respondents' actions prior to that date could not have violated his right to due process as a matter of law.

In considering an application for habeas relief under 28 U.S.C. § 2241, the court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Although the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. *See* U.S. Const. Amend. XIV, § 1; *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies an inmate's transfer of his liberty to prison officials who, in their broad discretion, administer his sentence. *Gaston*, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of all liberty interests." *Gaston,* 946 F.2d at 343.

The Constitution does not create a protected liberty interest in the expectation of early release on parole. *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 10 (1979) ("There is no

constitutional or inherent right of a convicted person to be constitutionally released before the expiration of a valid sentence."); *see also Jago v. Van Curen*, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). Absent a protected liberty interest in parole, a prisoner typically cannot mount a challenge against a state parole review procedure on procedural or substantive due process grounds. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Maryland's parole statutes and regulations do not create a legitimate expectation of release on parole, and prisoners in Maryland therefore do not have a liberty interest in parole unless the Parole Commission has issued an Order for Release on Parole, and the prisoner has signed it, thereby accepting the terms of the parole. *See Bryant v. Maryland*, 848 F.2d 492 (4th Cir. 1988); *see also Swarthout v. Cooke*, 562 U.S. 216, 131 S. Ct. 859, 862 (2011) (no liberty interest in parole unless arising from statutes or regulations); *Greenholtz*, 442 U.S. at 7 (same); *Patuxent Institution Bd. of Review v. Hancock*, 329 Md. 556, 583 (1993) (a liberty interest in parole in Maryland does not arise until inmate signs the Order for Parole to indicate acceptance of the conditions of the parole); *McLaughlin-Cox v. Maryland Parole Commission*, 200 Md. App. 115, 24 A.3d 235 (2011) (Maryland statutes governing parole consideration do not create a liberty interest protected by the Fifth and Fourteenth Amendments to the U.S. Constitution); *Lomax v. Warden, Maryland Correctional Training Center*, 120 Md. App. 314, 707 A.2d 395,

*aff'd*, 356 Md. 569, 741 A.2d 476 (1999).[3]

In Maryland, there is no statutory requirement for the Parole Commission to conduct a parole hearing. The Parole Commission must ask the Division of Correction "to make an investigation for inmates confined in a State correctional facility that will enable the Commission to determine the advisability of granting parole to an inmate who: (i) has been sentenced under the laws of the State to serve a term of 6 months or more in a correctional facility; and (ii) has served in confinement one-fourth of the inmate's aggregate sentence." CS § 7-301(a). The Parole Commission may decline to hold a parole hearing if it would serve no useful purpose.[4] Code of Maryland Regulations ("COMAR") 12.08.01.17.A.(1)(c). For these reasons, Harding does not show that he had a liberty interest to be considered for parole, and therefore cannot demonstrate a violation of his right to due process.

To the extent Harding intends to bring a civil rights action under 42 U.S.C. 1983 for damages arising out of his confinement, the Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

---

[3] Harding does not allege, nor does the record suggest, the matters at issue amount to imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" so as to give rise to a second type of constitutionally protected liberty interest created under the holding in *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

[4] COMAR 12.08.01.17.A.(1)(c) provides:

A parole-eligible prisoner sentenced to a term of 6 months or more for a crime that is not a violent crime or for a violent crime that occurred before October 1, 1994, shall receive a parole hearing after serving not more than 1/4 of the sentence or, in the case of multiple sentences, 1/4 of the combined sentences unless: …(c) *Following a review without a hearing, the Commission determines that no useful purpose would be served by a hearing*." (Emphasis added.)

internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). This bar applies to proceedings that call into question the fact or duration of parole or probation. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996); *Husketh v. Sills*, 34 F. App'x 104, 105 n.2 (4th Cir. 2002) (stating that *Heck* rule extends to parole decisions).

Harding's claims of due process abridgement arising from his confinement are barred by the rule announced in *Heck*. This is because a judgment in his favor would necessarily imply the invalidity of his detention.

### III. Medical Claims

Harding's allegations concerning his emotional suffering and medications are generally stated and fail to suggest defendants acted with the requisite deliberate indifference to serious medical needs, so as to amount a violation of constitutional proportion. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (holding an Eighth Amendment violation arises when the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need). Moreover, Harding does not allege serious injury as a result of the actions at issue, nor does he allege that respondents were aware of his medical or emotional conditions and acted with purposeful disregard of them. It bears noting that the Prison Litigation Reform Act provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U .S.C. § 1997e(e).[5] Accordingly, these claims will be

---

[5] "Prisoner" is defined as "any person incarcerated or detained in any facility who is

dismissed for failure to state a claim

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683–84 (4th Cir. 2001). The court has reviewed the petition, the record, and the applicable case law and determines that petitioner has failed to make the requisite showing.

## CONCLUSION

For the above stated reasons, the petition will be denied and dismissed by separate order to follow.

January 21, 2015  /s/
Date  Ellen Lipton Hollander
United States District Judge

---

accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C.A. § 1997(2)(h).